THE CITY OF CHICAGO, Appellant, vs. CHARLES P. HILL et al. Appellees.

*Opinion filed October 25, 1911.*

1. SPECIAL ASSESSMENTS—*the statute must be strictly followed in condemning land under Local Improvement act.* In condemning land under the Local Improvement act the statute must be strictly followed by the municipal authorities and the powers which they attempt to exercise must be clearly given.

2. SAME—*part of the description of land condemned cannot be stricken out as surplusage.* Where an ordinance for widening a boulevard by condemnation proceedings under the Local Improvement act describes as a part of the property to be taken a strip of land already dedicated to the city for a parkway, the court cannot strike out the description of such strip as surplusage and order the assessment roll re-cast but must dismiss the petition.

3. SAME—*ordinance must serve as the guide in a condemnation proceeding under Local Improvement act.* In a proceeding under the Local Improvement act to condemn land for widening a street the ordinance must serve as the guide to the public authorities, and they have no discretion to change the character of the improvement and cannot omit any part provided for in the ordinance.

APPEAL from the Circuit Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding.

PHILIP J. MCKENNA, and EUGENE H. DUPEE, (WILLIAM H. SEXTON, Corporation Counsel, of counsel,) for appellant.

WILLIAM J. DONLIN, for appellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is an appeal from the judgment of the circuit court of Cook county sustaining legal objections and dismissing the condemnation proceedings as to certain property, in the matter of the petition of the city of Chicago to ascertain the just compensation to be paid for private prop-

erty to be taken or damaged for widening West Irving Park boulevard between North Forty-eighth avenue and North Fifty-sixth avenue, in Chicago, and the property benefited by such improvement and the amount of benefits.

The land described in the ordinance and proposed to be condemned in this proceeding consisted of a strip seventeen feet on each side of said boulevard, except on the north side of the said boulevard between North Fifty-first and North Fifty-second avenues. On the hearing of legal objections, proof was offered that the seventeen feet proposed to be condemned by the ordinance and petition herein, on the south side of said West Irving Park boulevard between North Forty-eighth avenue and North Fifty-second avenue, had already been platted and dedicated to the public as a parkway. The trial court held that since the city had the right to use this parkway for street purposes it was unnecessary to condemn the parkway or any rights therein. Thereupon appellant moved the court to refer the commissioners' report and assessment roll back to the commissioners, with directions to re-cast the report by striking out all awards and damages in respect to said parkway and to recast the assessment roll to conform to the report as thus modified. The court denied this motion and entered judgment sustaining the legal objections and dismissing the petition as to the property objected for.

Counsel all concede that the court was right in ruling that it was unnecessary to condemn the parkway. The sole question at issue here is whether the court erred in refusing to refer the report and assessment roll back to the commissioners to be re-cast. The argument of appellant is, that the court should have treated the description of the land already dedicated as a parkway for street purposes as surplusage and should have given effect to the remainder of the ordinance.

Section 7 of the Local Improvement act, among its other provisions with reference to the hearing before the

board of local improvements, provides, as to the contents of the resolution to be adopted by that board, that "whenever the proposed improvement will require that private property be taken or damaged, such resolution shall describe the property proposed to be taken for that purpose." After the public hearing, section 8 provides that when the resolution is adopted for a proposed improvement the board of local improvements shall cause an ordinance to be prepared prescribing the nature, character, locality and description of the improvement. The ordinance in this case was so prepared, and described as a part of the land to be condemned for the improvement proposed, the seventeen-foot parkway between North Forty-eighth and North Fifty-second avenues. We find nothing in the Local Improvement act which authorizes the re-casting of the assessment roll in condemnation proceedings under such circumstances as are presented on this record. The declaring of a part of the description of the property to be taken as surplusage will necessarily result in a new assessment as to the costs of the improvement. The ordinance must serve as a guide to the public authorities in making the improvement. They have no discretion as to the character of the improvement and cannot omit any part provided for in the ordinance. (*Illinois Central Railroad Co.* v. *City of Effingham,* 172 Ill. 607.) Such proceedings as these are purely statutory. Municipal authorities must be able to show a warrant which will justify their action in condemnation matters under the Local Improvement act, and the power must be clearly given and strictly followed. (*City of Lincoln* v. *Harts,* 250 Ill. 273.) The seventeen-foot "parkway" here in question is as much a part of the improvement as any other part of the land to be taken. The striking from the ordinance and petition of the description of this seventeen-foot "parkway" would make the improvement remaining in the ordinance another and different improvement from that originally provided for therein. To order the assessment

roll re-cast as to the balance of the improvement would be contrary not only to the letter but to the spirit of the Local Improvement act. *Clarke* v. *City of Chicago,* 185 Ill. 354; *Bass* v. *City of Chicago,* 195 id. 109; *City of Chicago* v. *Walsh,* 203 id. 318; *City of Chicago* v. *Kemp,* 240 id. 56. See, also, *Bickerdike* v. *City of Chicago,* 203 Ill. 636; *City of Highland Park* v. *McMullin,* 249 id. 568; *City of Evanston* v. *Knox,* 241 id. 460.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*