Argued December 15, 1927, reversed and remanded January 10, 1928.

## ED. SMITH *v.* FRANK CAMERON ET AL.

(262 Pac. 946.)

**Eminent Domain—Although Power of Eminent Domain may be Delegated to State's Subordinate Agencies, One Exercising Such Right must have Express Statutory Authority.**

1. Eminent domain is vested in state and, although power may be delegated to its subordinate agencies, one who would exercise such power, even though for public use, must point out express statutory authority, since it will not be implied.

---

1. See 10 R. C. L. 14, 196.

Constitutional Law—Adoption of Constitutional Amendment Did not
Revive Eminent Domain Statutes Previously Declared Unconsti-
tutional (Const., Art. I, § 18, as Amended [see Laws 1925, p. 5];
Or. L., §§ 5719, 5720).

2. Adoption of amendment to Constitution, Article I, Section 18
(see Laws 1925, p. 5), did not revive or bring into life Sections
5719, 5720, Or. L., which had been declared unconstitutional, since
statutes were null and void.

Constitutional Law—Constitutional Amendment Declaring Use of
"Waterways" a Public Use for Eminent Domain Purposes Held
Self-executing, Since Court may Construe "Waterways" Without
Legislative Definition—"Watercourse" (Const., Art. I, § 18, as
Amended [see Laws 1925, p. 5].)

3. Meaning of term "waterways" in amendment of Constitution,
Article I, Section 18 (see Laws 1925, p. 5), relating to eminent
domain proceedings, is question for judicial construction and there
is no need of legislation to define term; "waterways" being used
interchangeably with "watercourses," and is a channel for water,
and may be either natural or artificial; an artificial ditch may con-
stitute waterway or watercourse.

Statutes—Judgment in Eminent Domain Proceedings Under Uncon-
stitutional Statute was Nullity; Court Being Without Jurisdic-
tion (Or. L., §§ 5719, 5720).

4. Where at time judgment in eminent domain proceedings was
rendered there was no statutory delegation to plaintiff of power to
exercise eminent domain, Sections 5719, 5720, Or. L., being uncon-
stitutional, court was without jurisdiction and its judgment in favor
of plaintiff was a nullity.

Constitutional Law—Curative Statute Did not Validate Judgment
Rendered Appropriating Defendant's Property for Public Use
Which was Void for Want of Jurisdiction (Laws 1927, c. 166,
§ 3).

5. Laws of 1927, chapter 166, Section 3, purporting to validate
proceedings for enlarging "any canal or ditch already constructed
under the provisions of Sections 5719, 5720, Oregon Laws," did not
validate judgment rendered in eminent domain proceedings appro-
priating defendant's property for public use, where judgment was
void for want of jurisdiction.

Constitutional Law—Legislature Could not Pass Retroactive Law
Validating Act of Taking Defendant's Property for Public Use,
Since Defendants had Vested Right in Ditch Sought to be
Appropriated (Laws 1927, c. 166).

6. Although legislature may pass retroactive law which could
validate any act which it could in first instance have authorized,

---

3. Self-executing constitutional provisions, see notes in 7 **Ann.
Cas.** 627; 18 **Ann. Cas.** 199; **Ann. Cas.** 1914C, 1116; **Ann. Cas.** 1916D,
868; **Ann. Cas.** 1918D, 1080; 16 **L. R. A.** 283. See, also, 6 **R. C. L.**
57. What are watercourses, see note in 40 **A. L. R.** 839. See, also,
27 **R. C. L.** 1062.

6. Retrospective statutes, when valid, see notes in 6 **Am. Dec.**
730; 10 **Am. Dec.** 131; 111 **Am. St. Rep.** 455. See, also, 6 **R. C. L.**
304, 306.

subject to restriction regarding vested rights, legislature could not, under Laws of 1927, chapter 166, retroactively validate act of appropriating defendant's property for public use, since defendants had vested right in ditch sought to be appropriated.

Constitutional Law, 12 **C. J.,** p. 727, n. 26, p. 729, n. 48, p. 1091, n. 4, 5, p. 1093, n. 36, p. 1238, n. 55.
Eminent Domain, 20 **C. J.,** p. 531, n. 15, p. 533, **n. 35,** p. 534, **n.** 40, p. 544, n. 15, p. 545, n. 18, p. 948, n. 49.
Judgments, 34 **C. J.,** p. 510, n. 36.
Statutes, 36 **Cyc.,** p. 1221, n. 33.
Waters, 40 **Cyc.,** p. 658, n. 19.
Waterway, 40 **Cyc.,** p. 846, n. 1.

From Jackson: C. M. THOMAS, Judge.

Department 2.

REVERSED AND REMANDED.

For appellants there was a brief over the name of *Messrs. Newbury & Newbury,* with an oral argument by *Mr. Gus Newbury.*

For respondent there was a brief and oral argument by *Mr. G. M. Roberts.*

BELT, J.—In 1922, the plaintiff attempted, through the exercise of the power of eminent domain, to enlarge what is known as the "Farmers' Ditch," for the purpose of conveying water from the Little Applegate River to irrigate 160 acres of semi-arid land owned by him. An action was instituted, by virtue of Sections 5719 and 5720, Or. L., to appropriate a very narrow strip of land owned by defendants, in order to widen this ditch so as to carry additional water. A trial was had and judgment rendered in favor of the defendants, dismissing the action. Plaintiff appealed (106 Or. 1, 210 Pac. 716, 27 A. L. R. 510) and the lower court was affirmed for the reason that Sections 5719 and 5720 of the statute purporting to authorize such proceedings in

eminent domain violated Article I, Section 18 of the state Constitution, in that they undertook to authorize the taking of private property for a private use. It was suggested in the opinion of the court that the remedy was by constitutional amendment. As a result thereof the people, through the initiative, amended Section 18 of Article I of the Constitution to read as follows:

"Private property shall not be taken for public use, nor the particular services of any man be demanded, without just compensation; nor except in the case of the state, without such compensation first assessed and tendered; provided, that the use of all roads, ways and waterways necessary to promote the transportation of the raw products of mine or farm or forest or water for beneficial use or drainage is necessary to the development and welfare of the state and is declared a public use."

After the adoption of the above constitutional amendment plaintiff again commenced an action to condemn land necessary to enlarge the ditch. A demurrer to the complaint was overruled and, upon refusal of the defendants further to plead, judgment was rendered in favor of the plaintiff. Hence this appeal.

We inquire: Where is the statutory authority entitling plaintiff to exercise the power of eminent domain?

1. Eminent domain is vested in the state. This power may be delegated by it to its subordinate agencies, but he who would exercise such sovereign right of taking another person's property, even though it be for a public use, must be able to point out express statutory authority. It will not be implied: *San Joaquin etc. Irr. Co.* v. *Stevinson,* 164 Cal. 221 (128

Pac. 924); *Oritz* v. *Hansen,* 35 Colo. 100 (83 Pac. 964); *Neitzel* v. *Spokane International Ry. Co.,* 65 Wash. 100 (117 Pac. 864, 36 L. R. A. (N. S.) 522); *Minnesota Canal etc. Co.* v. *Fall Lake Boom Co.,* 127 Minn. 23 (148 N. W. 561); *City of Chicago* v. *Hill,* 251 Ill. 502 (96 N. E. 223); Lewis on Eminent Domain (3 ed.), § 367.

2. We may eliminate from our consideration Sections 5719 and 5720, *supra,* which have been heretofore declared to be unconstitutional. The adoption of the constitutional amendment did not revive or bring into life those sections of the statute. They were and are null and void. As stated in 12 C. J. 727:

"An act of the legislature not authorized by the constitution at the time of its passage is absolutely void, and is not validated by a subsequent adoption of an amendment to the constitution authorizing the passage of such an act."

3. At the time this action was commenced there was no general statute as in Idaho (*Blackwell Lumber Co.* v. *Empire Mill Co.,* 28 Idaho, 556 (155 Pac. 680, Ann. Cas. 1918A, 189), conferring upon a person the right to exercise the power of eminent domain. The constitutional amendment does not purport to vest such authority, but merely declares that the use of waterways to convey water for a beneficial purpose constitutes a public use. This constitutional provision, so far as the nature of the use of waterways is concerned, is self-executing and needs no subsequent legislation to carry it into effect. We are unable to agree with appellants that there is need of legislation to define the term "waterways." This is a question for judicial construction and, as we

construe it, "waterways" may be used interchangeably with "watercourses." A waterway is a channel for water. It may be either natural or artificial. That an artificial ditch may constitute a waterway or watercourse, see Words and Phrases, Vol. 8, p. 7411, and 40 Cyc. 658.

4, 5. After judgment was rendered in favor of the plaintiff in the instant case and after the passage of the above constitutional amendment, the legislature (Chap. 166, G. L. O. 1927) conferred upon "The United States, the State, or any person, firm or corporation," the right, among other things, to construct and maintain ditches to convey water for irrigation and drainage purposes. This right was to be acquired "in the manner provided by law for the taking of private property for public use." The act also undertook to validate prior proceedings had for the purpose of condemning land to enable the conveyance of water for irrigation and drainage purposes and particularly did it purport to validate proceedings for enlarging "any canal or ditch already constructed under the provisions of Sections 5719 and 5720 Oregon Laws." Does this curative statute, which, of course, is retroactive in its application, have the effect of validating the judgment rendered appropriating the property of the defendants for a public use? At the time this judgment was rendered there was no statutory delegation to plaintiff of the power to exercise the right of eminent domain. Hence the court was without jurisdiction in the premises. Its judgment was a nullity. It is stated in 34 C. J. 510:

"It is not competent for the legislature to validate a judgment void for want of jurisdiction and a statute purporting to have that effect would be uncon-

stitutional, amounting to a denial of due process of law.''

6. A legislature may pass a retroactive law which could validate any act which it could in the first instance have authorized, subject to the restriction that it could not impair the obligation of a contract or a vested right: 12 C. J. 1091. That defendants had a vested right in the ditch sought to be appropriated is beyond question.

We conclude that this action was prematurely commenced and should not have been filed until after the legislature had expressly delegated the power of eminent domain to persons, as provided in the 1927 act.

There was and is sufficient legal machinery to condemn private property for the purpose contemplated by the plaintiff, but his cause fails for the reason that, at the time the action was commenced, there was no statutory delegation upon him of the right to appropriate private property under the power of eminent domain.

It follows that the complaint failed to state a cause of action and the demurrer thereto should have been sustained.

The judgment of the lower court is reversed and the cause remanded.    REVERSED AND REMANDED.

RAND, C. J., and BEAN and BROWN, JJ., concur.