FLORA LOGGING CO. v. BOEING et ux.

No. 10922.

District Court, D. Oregon.
July 7, 1930.

146

Veazie & Veazie, of Portland, Or., for plaintiff.

Platt, Platt, Fales, Smith & Black, of Portland, Or., for defendants.

CAVANAH, District Judge.

The Flora Logging Company, a corporation who owns a large tract of timberlands in the state of Oregon, brings this suit to condemn a right of way for a logging railroad across unimproved timberland of the defendant Boeing. It is engaged in the business of logging, and is compelled to and does maintain and operate a logging railroad for the transportation of logs and other raw products of the forest from points where the same are cut to a connection with a common carrier railroad.

Some of its timberlands adjoin those of the defendant on the north, east, and west, and some are situated westerly and southwesterly therefrom. As defendant's land lies in a natural pass in a mountain range which constitutes the main watershed of the region, it appears necessary for plaintiff to go through and transport its timber and timber products over it, as no other route is feasible.

The right to condemn such a right of way is challenged by defendant's demurrer upon the grounds: (a) That the condemnation sought is for a private use and not for public purposes; and (b) that it does not appear that the power of eminent domain is enumerated in the charter of the corporate powers of the plaintiff.

When, in disposing of the two objections made, we are confronted with the primary question, Do the provisions of the Constitution and statutes of Oregon, as construed by its highest court, offend against the Fourteenth Amendment to the Constitution? The determination of this inquiry by the courts has been influenced by the diversity of local conditions and respect for the judgments of the state courts upon what should be public uses in conformity with their laws, and the cases show greatly that the federal courts have deferred to the opinions of the state courts on the subject. Clark v. Nash, 198 U. S. 361, 25 S. Ct. 676, 49 L. Ed. 1085, 4 Ann. Cas. 1171; Strickley v. Highland Boy Gold Mining Co., 200 U. S. 527, 26 S. Ct. 301, 50 L. Ed. 581, 4 Ann. Cas. 1174; Ruddock v. Bloedel Donovan Lumber Mills (C. C. A.) 28 F.(2d) 684, 685.

The development of the Oregon law discloses that its Constitution and statutes bearing upon the subject have been changed often, and it becomes necessary to trace the steps taken by its people and Legislature in order to determine whether at the time the present suit was instituted right was given to an owner of timberland to condemn a right of way over the lands of another to give access to and remove his timber.

The constitutional provision of the state until 1920 provided: "Sec. 18. Private Property Taken for Public Uses. Private property shall not be taken for public uses, nor the particular services of any man be demanded, without just compensation; nor except in case of the state, without such compensation first assessed and tendered." Constitution of Oregon, art. 1, § 18.

This provision was first amended in 1920 to read: "Section 18. Private property shall not be taken for public use, nor the particular services of any man demanded without just compensation; nor except in the case of the state, without such compensation first assessed and tendered; provided, that the use

of all roads and ways necessary to promote the transportation of the raw products of mine or farm or forest is necessary to the development and welfare of the state and is declared a public use." Section 18, article 1, as amended (see Laws Or. 1921, p. 5).

And again in 1924 a further amendment to section 18, article 1, of the state Constitution was adopted, which provides: "Section 18. Private property shall not be taken for public use, nor the particular services of any man be demanded, without just compensation; nor except in the case of the state, without such compensation first assessed and tendered; provided, that the use of all roads, ways and waterways necessary to promote the transportation of the raw products of mine or farm or forest or water for beneficial use or drainage is necessary to the development and welfare of the state and is declared a public use." See Laws Or. 1925, p. 5.

The provisions of the statute and decisions of the state court until 1921 denied the right to condemn a right of way by one for private uses over lands of another for the transportation of timber. Apex Transportation Co. v. Garbade, 32 Or. 582, 52 P. 573, 54 P. 367, 882, 62 L. R. A. 513; Anderson v. Smith-Powers Logging Co., 71 Or. 276, 139 P. 736, L. R. A. 1916B, 1089.

Until the amendment to the Constitution of 1920 was adopted, the Supreme Court of the state in the Smith-Powers Case held that it was necessary to change their Constitution relating to the taking of property for private uses, and thus followed the adoption of the 1920 amendment, which, under the act of the Legislature of 1921, plaintiff urges grants to it the right to condemn the right of way sought. The act of the Legislature of 1921 relates to "the condemnation of lands for logging railways, roads, or ways, necessary or convenient to promote the transportation or removal of raw products of the forest," and section 2 thereof, in express language, grants to any person or corporation the right to acquire lands necessary for logging roads or way to promote the transportation of logs or raw products of the forests and to condemn so much thereof as necessary for such logging railroad, road, or way, and section 7 of the act provides that "any logging road which is necessary for the transportation of a single tract of timber shall come within the provisions of this act, whether same be a common carrier or otherwise, and such road shall not come under the jurisdiction of the public service commission of this state unless the owners thereof shall declare it a common carrier." Laws Or. 1921, p. 690.

Attention is called to the cases of Smith v. Cameron, 106 Or. 1, 210 P. 716, 722, 27 A. L. R. 510, and Smith v. Cameron, 123 Or. 501, 262 P. 946, in which it is contended that the right to condemn a right of way over the lands of another for private uses is denied. The cases were where Smith attempted to condemn a right of way to enlarge an irrigation ditch through the lands of another. In the case in 1922 the court held that the statute then in existence was invalid in so far as it attempted to give a right of condemnation for private irrigation enterprises but did not restrict the effect of the 1920 amendment to the Constitution, as a declaration is made by the court that the amendment permitted condemnation by a private carrier. The constitutional amendment of 1920 did not include waterways. The decision was based on section 18 of article 1 of the Constitution as originally adopted, and followed the previous decision of the court in the case of Anderson v. Smith-Powers Logging Company, supra, as the court there suggests that, "if it is desirable as a matter of public policy that a private person may be permitted to condemn private property so that he can irrigate his own private land, the remedy is, as was suggested in Anderson v. Smith-Powers Logging Co., by an amendment to the Constitution."

Later Smith renewed his suit in the case of Smith v. Cameron, 123 Or. 501, 262 P. 946, after the 1924 amendment was adopted but before the legislative act of 1927 (Laws 1927, p. 184) went into effect. The court there merely held that the constitutional amendment of 1924 was not self-executing but required legislation to give it effect, and that the statute in existence prior to the adoption of the amendment was void and could not be given validity by the 1924 amendment. It is therefore apparent that the suit was prematurely commenced from the remarks of the court, as it was brought before the Legislature had delegated the power of eminent domain provided in the act of 1927 and the court there recognized Smith's right to condemn under the 1927 act.

The question, thus narrowed, is answered by a review of the Constitution, statutes, and decisions of the Supreme Court of the state, where the amendment of 1920 to the state Constitution provides "that the use of all roads and ways necessary to promote the transportation of the raw products of * * * forests is necessary to the development and welfare of the state and is declared a public use," and the act of the Legislature of 1921 granting the right to condemn for the pur-

poses here sought did not violate the Constitution of the United States.

The people of the state have, by their Constitution, legislative enactment, and decisions of their highest court, expressed their opinion that the public welfare of the state demands that right of way for the transportation of the raw products of the forest should not be made impossible by the owner of property refusing to consent to sell the right to cross his land.

The further thought is advanced that a logging railroad is not a "way" or "road" within the meaning of the constitutional amendment of 1920. Courts should give a construction to these words that is reasonable, after taking into consideration the resources, conditions, and importance of the lumber industry of the state. Growing large timber situated in the rugged mountains remote from roads requires for its removal railroads, where there is no water transportation. However, the Legislature of the state had defined "roads" as including "logging railroads." Or. L. § 6994. Should not these words be given a construction to include "logging railroads," then the cutting and removing to market of the vast timber of the state would be impossible.

As to the contention that it does not appear that plaintiff possesses the power of condemnation for logging railroad purposes as required by sections 7080 and 7081, Or. L., which must exist in its articles of incorporation, it is sufficient to say that these provisions of the statute relate to the power of eminent domain granted to common carriers of freight and do not apply to the plaintiff who is not a common carrier nor belongs to that class of corporations. Its right of eminent domain is granted by the 1921 statute, which is complete in itself, and is not measured by the sections referred to. Attention has not been called to any provision of the Oregon statutes requiring corporations to insert in their articles of incorporation a provision for the exercise of the right of eminent domain, and whether such a provision is or is not inserted in its articles would make no difference, because the right is derived from a statute, and the plaintiff should not be deprived of the right merely because it is not claimed in its articles.

It appears from the complaint that plaintiff is a corporation doing business as a timber owning and logging company, and as such it owns certain timber lands conducting logging operations and owns and operates a logging railroad for the transportation of its logs to market, and that it is necessary to acquire the right of way in question in order to cut and remove timber from its lands. Such allegations would seem to be sufficient to bring it under the right to condemnation as provided for in the constitutional amendment of 1920 and the 1921 statute.

The right of way which the plaintiff seeks to condemn is for a private logging railroad and not for general logging railroad purposes, and the term "blanket condemnation" does not apply, because plaintiff will be subject to the limitations provided for by the statute of a right of way for a private logging railroad.

In view of what has been said, the plaintiff, under the allegations of its complaint, is entitled to the right to condemn the right of way which it seeks, and therefore the demurrer will be overruled.