STATE ET AL., APPELLANTS, *v.* AITCHISON ET AL., RESPONDENTS.

(No. 7,217.)

(Submitted March 5, 1934. Decided March 15, 1934.)

[30 Pac. (2d) 805.]

336

·Cause submitted on briefs of Counsel.

*Mr. Raymond T. Nagle,* Attorney General, *Mr. W. B. Leavitt* and *Mr. Rudolph Nelstead,* for Appellants.

*Mr. George W. Farr,* for Respondents.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiffs commenced this action to condemn a site for the purpose of creating, constructing, installing, flooding and main-

taining a rearing pond in which to plant, propagate and raise fish.

The defendant Aitchison is the owner of the land sought to be condemned. The defendant Western is the holder of a mortgage on these premises. After the service of summons and on the return day thereof, the defendants appeared in person without counsel, when a hearing was had and testimony received in support of the complaint. Thereafter the district court made and filed its interlocutory judgment and order appointing commissioners. The commissioners qualified, and later made their report to the court fixing the defendants' compensation for the taking of their property in the sum of $725. Plaintiffs appealed to the district court from the award of damages as reported by the commissioners. Subsequently plaintiffs paid the amount of the award into court and secured an order authorizing them to take possession of the land in question. Thereupon defendants employed counsel, who moved the court to vacate and annul the order authorizing plaintiffs to take possession, on the ground that the court did not have jurisdiction to make the order or any judgment or decree, because the complaint did not state facts sufficient to constitute a cause of action, in that the use for which the property was sought to be appropriated was not a public use within the meaning of the laws of the state. This motion was heard and granted by the district court. A judgment of dismissal was entered. The appeal is from the judgment. Error is assigned in the granting of the motion to vacate the order for possession, and rendering and entering the judgment of dismissal.

Plaintiffs concede that a jurisdictional question may be raised at any time, and also that authority to condemn must be expressly given or necessarily implied. (*State ex rel. McLeod* v. *District Court,* 67 Mont. 164, 215 Pac. 240, 242.) They also concede that authority to condemn in this particular case is not expressly granted in the statutes enumerating the powers of the state Fish and Game Commission, but contend that authority to condemn these lands is necessarily implied from

certain statutory and constitutional provisions, which will be presently discussed.

The defendants argue that under these statutory and constitutional provisions the power to condemn is not necessarily implied, and, therefore, the trial court was without jurisdiction to make any order or judgment for the condemnation of the property in question.

The statutes necessary to be considered in solution of this question are as follows:

Section 9933, Revised Codes 1921, defines eminent domain: "Eminent domain is the right of the state to take private property for public use." Section 9934 provides: "Subject to the provisions of this chapter [the procedure provided for condemnation proceedings], the right of eminent domain may be exercised in behalf of the following public uses: * * * 2. Public buildings and grounds for the use of the state, and all other public uses authorized by the legislative assembly of the state."

Section 3653, Id., as amended by section 2, Chapter 192, of the Laws of 1925, page 371, sets forth the powers and duties of the game and fish commission of Montana, and, among other things, provides as follows: "It shall have authority to locate, lay out, construct and maintain nurseries and rearing ponds where fry can be planted, propagated and reared, and when of suitable sizes, liberated and distributed in the waters of this State, and may expend from the State Fish and Game Funds such sums as may be necessary for this purpose." Also, in the same section, page 374, appears the following: "Said Commission shall, in addition to the powers heretofore granted, have such other and further powers as may be necessary to fully carry out the purpose and intent of all the laws pertaining to fish, game, and fur-bearing animals, game and non-game birds propagation, protection, conservation, and management of this Act."

Section 30, Revised Codes 1921, provides: "The state may acquire or authorize others to acquire title to property, real

or personal, for public use, in the cases and in the modes provided in sections 9933 to 9958 of these codes."

Plaintiffs argue that, since the Fish and Game Commission has express power to lay out, construct and maintain rearing ponds for the propagation of fish, and such further powers as may be necessary to carry out that purpose, and since subdivision 2 of section 9934, supra, enumerating the public uses in behalf of which the right of eminent domain may be exercised, specifies buildings and grounds for the use of the state, of necessity, by implication, the power to bring condemnation proceedings is conferred upon the commission for the purpose of condemning a site for a rearing pond.

All the above statutory provisions are silent on the subject of the right of the commission to exercise the power of eminent domain. This court in the case of *State ex rel. McLeod* v. *District Court,* supra, quoted with approval from Lewis on Eminent Domain, third edition, section 371, as follows: "The authority to condemn must be expressly given or necessarily implied. The exercise of the power being against common right, it cannot be implied or inferred from vague or doubtful language, but must be given in express terms or by necessary implication. When the right to exercise the power can only be made out by argument and inference, it does not exist." All of our decisions have been in accord with the foregoing quotation. (*State ex rel. McMaster* v. *District Court,* 80 Mont. 228, 260 Pac. 134; *Helena Power Transmission Co.* v. *Spratt,* 35 Mont. 108, 88 Pac. 773, 10 Ann. Cas. 1055, 8 L. R. A. (n. s.) 567.)

Since the statutes mentioned are silent on the subject, and the powers given to the commission by them can be exercised without resort to condemnation, it is presumed that the legislature intended that the necessary property should be acquired by contract. (Lewis on Eminent Domain, 3d ed., sec. 371; *State ex rel. Wauconda Inv. Co.* v. *Superior Court,* 68 Wash. 660, 124 Pac. 127, Ann. Cas. 1913E, 1076; *Pennsylvania Tel. Co.* v. *Hoover,* 209 Pa. 555, 58 Atl. 922; *Chamberlain* v.

*Elizabethport Cordage Co.*, 41 N. J. Eq. 43, 2 Atl. 775; *Leeds* v. *City of Richmond*, 102 Ind. 372, 1 N. E. 711.)

Counsel for plaintiffs have invited our attention to, and rely upon, the case of *City of Albuquerque* v. *Huning*, 29 N. M. 590, 225 Pac. 580. There a proceeding was brought to condemn a site for a park lying without the boundaries of the municipality. Under the existing statutory law the city enjoyed the general power to condemn property for park purposes. It also was empowered thereby to acquire by purchase, gift or donation property for park purposes lying without its boundaries. The only right necessary to be there implied in order to sustain the right by implication was the right to condemn property lying without the boundaries of the municipality. Under our statutes now before us, the power to exercise the right of eminent domain is not granted to the plaintiff commission expressly in any circumstances. It is only authorized to lay out, construct and maintain rearing ponds. The distinction between the two cases is marked, and we are unable to see wherein the New Mexico case supports the contention of plaintiffs.

The decisions of this court have all been against extension of the right of eminent domain upon the theory of the power being granted by implication. (See cases cited, supra.) Manifestly, the right of eminent domain here asserted does not arise by necessary implication from the above statutes.

Article III, section 15, of the Constitution of Montana, provides in part as follows: "The use of all water now appropriated, or that may hereafter be appropriated for sale, rental, distribution, or other beneficial use, and the right of way over the lands of others, for all ditches, drains, flumes, canals, and aqueducts, necessarily used in connection therewith, as well as the sites for reservoirs necessary for collecting and storing the same, shall be held to be a public use."

Plaintiffs contend that under this constitutional provision, which was declared by this court to be self-executing (*Spratt* v. *Helena Power Transmission Co.*, 37 Mont. 60, 94 Pac. 631), and under the procedure provided by the legislature for the

conduct of proceedings in eminent domain (secs. 9933–9958, Rev. Codes 1921), jurisdiction was conferred on the court to entertain this action. Conceding, without deciding, that the proposed use of water is within the constitutional provision, let us determine whether the court possessed the necessary jurisdiction. The provision proceeds to declare certain uses of water to be public in character.

A resort to the decisions determining what is a public use, discloses that there are two lines of authorities. One class in a general way holds that by "public use" is meant a use by the public or its agents—that is, the public must have the right to the actual use, in some way, of the property appropriated; whereas the other line of decisions holds that it is a public use, within the meaning of law, when the taking is for a use that will promote the public interest and will tend to develop the natural resources of the commonweath. (*Spratt* v. *Helena Power Transmission Co.*, supra.)

The right of eminent domain does not depend for its existence on a specific grant in the Constitution. It is inherent in sovereignty and exists in a sovereign state without any recognition of it in the Constitution. (10 R. C. L. 11.) Our Constitution recognizes the existence of this right, for it declares that it shall never be abridged. (Art. XV, sec. 9.)

It is for the legislature to determine, in the first instance, the question whether the use for which it is proposed to make the condemnation is a public use. (Lewis on Eminent Domain, 3d ed., sec. 251.) But this determination is not final. Whether a particular use is public or not is ultimately a question for the judiciary. (Id.; *Hairston* v. *Danville & Western Ry.*, 208 U. S. 598, 28 Sup. Ct. 331, 52 L. Ed. 637, 13 Ann. Cas. 1008; *Shoemaker* v. *United States*, 147 U. S. 282, 13 Sup. Ct. 361, 37 L. Ed. 170.)

The effect of this constitutional provision in declaring certain uses to be public, and the declaration of this court that the provision is self-executing, have the effect of foreclosing all inquiry into the question whether or not the enumerated uses are public, both by the legislature and the judiciary.

Whether the power of eminent domain shall be put in motion for any particular purpose, and whether the exigencies of the occasion and the public welfare require or justify its exercise, are questions which rest entirely with the legislature. (Lewis on Eminent Domain, 3d ed., sec. 369.) The use for which land is to be taken having been determined to be a public use, the quantity which shall be taken is a legislative question. (*United States* v. *Gettysburg Elec. Ry. Co.*, 160 U. S. 668, 16 Sup. Ct. 427, 40 L. Ed. 576; *Shoemaker* v. *United States,* supra.) The legislature having failed to act on those questions, the court is powerless to act, in the absence of a legislative grant of authority, under the constitutional provision in question.

Counsel for plaintiffs urge with much force the decision in the case of *Blackwell Lumber Co.* v. *Empire Mill Co.*, 28 Idaho, 556, 155 Pac. 680, Ann. Cas. 1918A, 189. The Idaho court had under consideration a constitutional provision wherein substantially the same uses enumerated in our own are declared to be public uses, and in addition the Constitution of Idaho (Art. I, sec. 14) provides that ''any other use necessary to the complete development of the material resources of the state or the preservation of the health of its inhabitants, is hereby declared to be a public use.'' In its opinion the Idaho court gave consideration to the quoted portion of their constitutional provision. The opinion holds in effect that, since the legislature had by general law set up the necessary procedure for the exercise of the right of eminent domain, the courts may proceed to determine what is, and what is not, a public use within the meaning of the constitutional provision; and that if that question be determined affirmatively by the court, it may proceed to permit the exercise of the right of eminent domain in the absence of any further or additional statutory authority. The opinion supports the contention of the plaintiffs. It was delivered by Mr. Chief Justice Sullivan, Justice Budge concurring in the result only, and Justice Morgan, the third member of that court, dissenting vigorously. In a later decision the Idaho court pointed out that in view of this sit-

uation, statements made by Mr. Chief Justice Sullivan in the opinion were not binding on that court. (*Codd* v. *McGoldrick Lumber Co.*, 48 Idaho, 1, 279 Pac. 298, 67 A. L. R. 580.) The former Idaho decision proceeds upon the notion that once a use is determined to be a public one, thereupon the right of eminent domain may be exercised by an appeal to the courts without the determination of what is elsewhere recognized, in the first instance, to be legislative questions, namely, By whom may the right of eminent domain be exercised, and to what extent may private property be taken for any public use?

The Oregon court, in the case of *Smith* v. *Cameron*, 123 Or. 501, 262 Pac. 946, 948, had before it a constitutional provision declaring certain uses to be public, but held that such provision did not, in the absence of statutory authority, vest in any one the right to exercise the right of eminent domain in order to take private property for any of the uses declared by the Constitution to be public. The court there said: "The constitutional amendment does not purport to vest such authority, but merely declares that the use of waterways to convey water for a beneficial purpose constitutes a public use. This constitutional provision, so far as the nature of the use of waterways is concerned, is self-executing and needs no subsequent legislation to carry it into effect."

The plaintiff not being authorized by law to exercise the power of eminent domain, either expressly or by necessary implication, the trial court was without jurisdiction, and correctly entered a judgment of dismissal. The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS and STEWART concur.