JUSTICE RICE
dissenting.
¶30 I dissent.
¶31 The Court here declares that there is no right of eminent domain for oil and gas production, because it is not a “public use.” To arrive at this decision, the Court concludes that Montana Talc Co. v. Cyprus Mines Corp. (1987), 229 Mont. 491, 748 P.2d 444, is “neither controlling nor particularly relevant here.” ¶ 18. The Court further concludes that McCabe is not entitled to relief under the plain language of the eminent domain statutes on the basis of “[a] general knowledge of Montana history.” ¶ 25. The Court dismisses the other authority offered by McCabe, and then concludes, without reference to specific authority, that “oil wells” are not “mines.” I cannot agree with any of these conclusions. The Court’s decision stands in opposition to our eminent domain law, as well as the sum of our commercial, tax and natural resource law-all of which recognize “oil wells” as “mines.”
¶32 Montana Talc should not be so easily discarded. It is, as McCabe correctly recognizes, our most complete statement on Montana’s eminent domain law. It discusses statutory language which we also interpret herein and should not be tossed away as being irrelevant.
¶33 First, Montana Talc illustrates that the Court has applied the wrong standard of statutory interpretation herein. The Court relies heavily on City of Bozeman v. Vaniman (1994), 264 Mont. 76, 869 P.2d 790, for the proposition that “any statute which allows a condemnor to take a person’s property must be strictly construed.” ¶ 28 (emphasis added). The Court then uses this “strict construction” standard to avoid a general consideration of the meaning of “mines” under § 70-30-102(33), MCA. However, Montana Talc instructs quite differently:
No Montana judicial decision that we are aware of declares that the public uses described in Section 70-30-102, MCA, must be strictly construed.... If strict construction of public uses for which eminent domain may be had were required by the common law, *393 where the law is declared by statute, common law may be applied only if not in conflict with the statutes. Section 1-1-108, MCA. By law the statutes establish the law of this state respecting the subjects to which they relate and their provisions and all proceedings under them are to be liberally construed with a view to effect their objects and to promote justice. Section 1-2-103, MCA.
Montana Talc, 229 Mont. at 498-499, 748 P.2d at 448-49 (emphasis added). The seeming conflict between Montana Talc and the Court’s citation to Vaniman is easily resolved by understanding that Vaniman had nothing to do with the determination of “public use,” but, rather, addressed the procedure by which eminent domain is implemented, a completely different issue. Montana Talc explained this difference in statutory construction, noting that, although “public uses” would be liberally construed, “[w]e have, however, held that vigorous compliance with procedures required for eminent domain is commanded.” Montana Talc, 229 Mont. at 498, 748 P.2d at 448. Here, the Court imports the “strict construction” standard from procedural eminent domain, and erroneously applies it to a substantive issue of eminent domain-the determination of public use.
¶34 The Court also omits the preeminent rule of statutory construction: legislative intent. As Montana Talc instructs, “[statutes may not be interpreted to defeat their object or purpose, and the object sought to be achieved by the legislature is of prime consideration in interpreting them.” Montana Talc, 229 Mont. at 498, 748 P.2d at 449 (citing Dover Ranch v. Yellowstone County (1980), 187 Mont. 276, 609 P.2d 711). Fortunately, we need not look far to determine the Legislature’s “object” in this case, because Justice Sheehy, for the Montana Talc Court, explained at length the Legislature’s intent in enacting the statute we are interpreting today. He stated, in part:
[TJhe intention of the Montana legislature [was] to encourage the development of the mining industry. Understandably so, because the mineral wealth of this Treasure State, so named for its huge store of minerals taken and yet to be taken, is a prime springhead of past and future economic increase for Montanans. In keeping with this outlook, the legislature has given to mining concerns the awesome power to condemn private property for public use in return for just compensation where the ownership of the minerals and of the surface do not coincide. So it is that in addition to the power of condemnation for the mine itself under [the identical predecessor provision], there is further power for the construction *394 of roads, tunnels, ditches and other appurtenances necessary to the mining effort.... Expansion, and not restriction, appears to be the legislative watchword.
Montana Talc, 229 Mont. at 497, 748 P.2d at 448 (emphasis added). Thus, the Court in Montana Talc concluded from this legislative intent that the appropriate “rule of construction, sustained by the great weight of well-considered authority” for determination of “public use” in regard to mining, was as follows:
[PJublic use must be exercised and can be exercised only so far as the authority extends, either in terms expressed by the law itself, or by implication clear and satisfactory.
Montana Talc, 229 Mont. at 498, 748 P.2d at 448 (citing Butte Anaconda and Pacific Railway Co. v. Montana Union Railway Co. (1895), 16 Mont. 504, 536-37, 41 P. 232, 243) (emphasis added).
¶35 The Court attempts to sidestep the holding in Montana Talc by reference to the holding in State v. Aitchison (1934), 96 Mont. 335, 30 P.2d 805. Although admitting that Aitchison did not apply a “strictly construed” standard to the interpretation of “public use” statutes, the Court nonetheless asserts, erroneously, that Aitchison stands for the principle that eminent domain cannot be granted by statutory implication. The Aitchison Court expressed its reluctance to extend the right of eminent domain by implication, but it reiterated that the correct standard allowed exactly that: “The authority to condemn must be expressly given or necessarily implied. ... All of our decisions have been in accord ....’’Aitchison, 96 Mont. at 339, 30 P.2d at 807. Thus, as Montana Talc correctly recognized, public use for eminent domain purposes has been determined by a rale of construction which requires “terms expressed by the law itself, or by implication clear and satisfactory” since 1895.
¶36 Further, the statute under which the State sought to create a fish rearing pond by eminent domain in Aitchison was completely silent as to such rights-requiring the State to argue “implication” out of thin air. Aitchison, 96 Mont. at 339, 30 P.2d at 807. That is clearly not the case here.
¶37 Considering the correct rule of construction then, what is a “mine” under § 70-30-102(33), MCA? The common and plain meaning of “mine” is simply “[a]n underground excavation used to obtain minerals, ores, or other substances.” Black’s Law Dictionary 1009 (7th ed. rev. 1999). On this common definition, and considering the Legislature’s expansive intent for “public uses” with regard to mining, I would conclude that “mine” necessarily, or at a minimum, “by *395 implication clear and satisfactory,” includes “oil wells.”
¶38 Such a conclusion is, of course, consistent with our statutory and case law: “In the case of Mid-Northern Oil Co. v. Walker, 65 Mont. 414, 211 Pac. 353, this court held that an oil-well is a mine.” Callender v. Crossfield Oil Syndicate (1929), 84 Mont. 263, 272, 275 P. 273, 276-77; “Oil is a mineral and the process of extracting it from the rocks is mining.” Rice Oil Co. v. Toole County (1930), 86 Mont. 427, 431, 284 P. 145, 146 (citing Burke v. Southern Pac. R. R. Co. (1914), 234 U.S. 669, 34 S.Ct. 907, 58 L.Ed. 1527); “ Mineral’ means ... gas, oil...” § 15-38-103(3), MCA (Chapter 38, Resource Indemnity Trust and Ground Water Assessment); “[0]il, gas and other minerals ... become personal property (goods) and eligible to be collateral ...” § 30-9A-102, MCA (annotations) (Uniform Commercial Code); see also specific exclusion of oil and gas from mineral definition in statutes governing metal mines, “ Mineral’ means any ore, rock, or substance, other than oil, gas ...” § 82-4-303(8), MCA (Part 3, Metal Mine Reclamation) (emphasis added).
¶39 I would answer the two certified questions affirmatively.