STATE EX REL. McMASTER ET AL., RELATORS, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 6,229.)

(Submitted September 29, 1927.  Decided October 13, 1927.)

[260 Pac. 134.]

*Prohibition—State Highways—Rights of Way—Eminent Domain—Power Lodged in State Highway Commission Exclusively—Funds Available for Purpose.*

Eminent Domain—Prerequisites to Exercise of Right.
  1.  The right to take private property from its owner against his will can only be invoked pursuant to law; authority for the exercise of such right must be clearly expressed in the law before it will be allowed, and when the right is sought to be exercised the provisions of the law must be rigorously complied with.
Same—State Highways—County Commissioners Without Right to Procure Rights of Way by Condemnation Proceedings.
  2.  While the board of county commissioners under section 1683, Revised Codes 1921, is granted power to obtain a right of way of main highways by condemnation proceedings, and under sections 1635 to 1651 may upon petition signed by ten or a majority of the freeholders of a road district, proceed to the final establishment of common or public highways, including obtaining rights of way therefor as provided by sections 1639 and 1641, there is no statutory provision authorizing it to procure a right of way for a state highway by condemnation proceedings after such highway has been approved, laid out and established by the state highway commission.

---

1.  See 10 R. C. L. 196.

State Highways—Mode of Establishment Prescribed by Statute to be Pursued.
3. The right to establish highways resides primarily in the legislature and may be exercised only in such manner as the legislature has prescribed, and where a particular mode of procedure is provided, that mode must be substantially pursued.

Same—Power to Condemn Rights of Way Lodged in State Highway Commission.
4. *Held*, under section 1797, Revised Codes 1921, that the right to obtain a right of way for a state highway by the exercise of condemnation proceedings is lodged exclusively with the state highway commission, the right to be exercised in the name of the state upon direction by the commission to the attorney general or a county attorney.

Same—Acquisition of Rights of Way by State Highway Commission—Funds Available for Purpose.
5. *Held*, that while the state highway commission may not use the funds in the "state highway trust fund," created by section 1799, Revised Codes 1921, into which fund go the moneys received from the federal government for federal aid projects, for the acquisition of rights of way for contemplated state highways, it may properly use the funds in the "state highway fund," created by the same section, into which flow all moneys collected under the Gasoline License Tax Act (Initiative Measure No. 31—Laws of 1927, p. 604), for that purpose.

---

[1] Eminent Domain, 20 **C. J.**, sec. 310, p. 881, n. 89, p. 882, n. 96.
[2] Courts, 15 **C. J.**, sec. 344, p. 950, n. 55, 58, 59. Eminent Domain, 20 **C. J.**, sec. 314, p. 887, n. 42; sec. 315, p. 888, n. 58. Highways, 29 **C. J.**, sec. 1, p. 363, n. 1, p. 365, n. 13, p. 366, n. 70, 71, p. 367, n. 78; sec. 49, p. 402, n. 16, 17; sec. 66, p. 416, n. 41. Statutes, 36 **Cyc.**, p. 1128, n. 54, p. 1129, n. 59.
[3] Highways, 29 **C. J.**, sec. 39, p. 399, n. 55, 57; sec. 49, p. 402, n. 17.
[4] Eminent Domain, 20 **C. J.**, sec. 314, p. 887, n. 42.
[5] Highways, 29 **C. J.**, sec. 310, p. 585, n. 2 New.

Original application by the State of Montana, on the relation of James McMaster and others, for a writ of prohibition, against the District Court of the Fourteenth Judicial District in and for the County of Broadwater, and W. L. Ford, Judge thereof. Peremptory writ granted.

*Mr. Lester H. Loble* and *Mr. Hugh R. Adair*, for Relators, submitted a brief; *Mr. Loble* argued the cause orally.

*Mr. Fred W. Schmitz*, County Attorney of Broadwater County, for Respondents, submitted an original and a supplemental brief and argued the cause orally.

---

3. See 13 **R. C. L.** 50.

230   State ex rel. McMaster *v.* District Court.   [Oct. T. '27

[80 Mont. 228.]

MR. JUSTICE STARK delivered the opinion of the court.

But one question is presented for determination in this proceeding, viz.: Can a county of this state exercise the right of eminent domain to condemn land for use as a right of way for a portion of a state highway which has been designated as such by the state highway commission in conjunction with the board of county commissioners, and has been laid out as such by said state highway commission and approved by the federal authorities as a federal aid project, or is such right vested exclusively in the state highway commission?

The county of Broadwater sought to exercise that right and instituted an action in the district court for the purpose of obtaining a right of way across lands of relators herein for such purpose. The relators, as defendants in said action, appeared therein and by appropriate proceedings presented this question to the district court, which held that the county did have such right and in due course entered an order adjudging that the use for which the relators' property was sought to be appropriated was a public use, that the public interest required the taking of such land, and that the taking thereof was necessary, and in said order appointed commissioners to ascertain and assess the damages which would accrue to the relators by reason of the taking of their lands under such order.

Relators thereupon presented to this court their application for a writ prohibiting the district court of Broadwater county and the judge thereof from taking any further proceedings in the action and particularly from granting, making or entering any final order of condemnation of their lands therein.

Authority for a proceeding such as this is found in *State ex rel. McLeod* v. *District Court,* 67 Mont. 164, 215 Pac. 240, and an alternative writ of prohibition was issued. In response thereto the respondents appeared by a motion to quash and the matter was submitted to this court for final determination on the relators' petition and this motion.

The right to take private property from its owner against
**[1]**    his will can only be invoked pursuant to law, and there must
always be a rigorous compliance with its provisions when this
right is sought to be exercised (*Glass* v. *Basin Mining & Con-
centrating Co.,* 22 Mont. 151, 55 Pac. 1045; *City of Helena* v.
*Rogan,* 26 Mont. 452, 68 Pac. 798), and authority for the exer-
cise of such right must be clearly expressed in the law before
it will be allowed (*State ex rel. McLeod* v. *District Court,*
supra; 1 Elliott on Roads and Streets, 4th ed., sec. 218, p. 263).

Under the provisions of section 1612, Revised Codes 1921,
**[2]**    "all highways, roads, lanes, streets, alleys, courts, places,
and bridges laid out or erected by the public, or now traveled
or used by the public, or if laid out or erected by others, dedi-
cated or abandoned to the public, or made such by the partition
of real property, are public highways."

The term "highway" is the generic term for all kinds of
public ways (vol. 2, Bouv. Law Dict., p. 1438), and the phrase
"public highway" is a tautological expression, since all high-
ways are necessarily public (*Jenkins* v. *Chicago & A. R. Co.,*
27 Mo. App. 578).

Section 1613, Revised Codes 1921, classifies the highways of
this state as follows: "Public highways in this state shall here-
after be classed as common highways, main highways, and state
highways.    All highways which are not established or improved
in the manner hereinafter provided for state highways, shall be
common or public highways.    Common or public highways shall
be such as are established or improved in the manner provided
by Chapter IV of this Act (1635–1651)."

The above section appears as section 4, Chapter 1, of Chapter
172 of the Session Laws of 1917, page 439, which amended
the then existing general highway law and added thereto a
chapter (now embraced in sections 1676 to 1702, Revised Codes
1921), providing for the laying out and construction of high-
ways in certain districts, which were designated as main high-
ways.

The seeming classification of such main highways as common or public highways in section 1613, supra, is of no importance in the consideration of the matter now before us, since we are concerned only with those which are established and maintained as state highways in the manner provided by law and those which are designated as common or public highways (not including main highways). All public highways of the state are included in one of the classes enumerated in this section. The only apparent purpose of the above classification is to designate the manner in which the highways falling into the different classes shall be established or improved.

On the part of the respondents it is urged that under the provision of section 4465, Revised Codes 1921, as amended by Chapter 54, page 91 of the Session Laws of 1927, which grants to the board of county commissioners the power, under such limitations and restrictions as are prescribed by law: "4. To lay out, maintain, control, and manage public highways, ferries and bridges, within the county, * * * " and section 1622, Revised Codes 1921, as amended by Session Laws of 1925, page 223, which says, "The board of county commissioners of the several counties of the state have general supervision over the highways within their respective counties," and subdivisions 3, 5, 6 and 8 of the same Act, which provide, respectively: "3. They must cause to be surveyed, viewed, laid out, recorded, opened, worked, and maintained such highways as are necessary for public convenience, as in this act provided. * * * 5. They must contract, agree for, purchase, or otherwise lawfully acquire the right of way over private property for the use of public highways, and for that purpose institute, when necessary, proceeding under sections 9933 to 9958 of the Code of Civil Procedure, paying for such right of way from the general road fund of the county. * * * 6. They may, in their discretion, but subject to the limitation and provisions in the Constitution and Codes provided, issue bonds upon the faith and credit of the county for the construction or improvements of main highways, state highways, and

bridges. * * * 8. They may, in their discretion, cause to be done whatever may be necessary for the best interests of the roads and road districts of their several counties''—the county, acting through the board of county commissioners, has the power to condemn a right of way for a state highway.

None of the above cited provisions assumes to make any change in the classification of highways established by section 1613, supra, and that classification still remains.

Sections 1613 and 1622 are parts of the same Act (Chapter 172, Session Laws 1917, p. 439), and the entire Act must be construed together and its provisions harmonized, if possible.

Subdivisions 6 and 8 of section 1622, above quoted, are merely permissive and do not undertake to grant any power to establish highways or to exercise the right of eminent domain.

Subdivision 3 is a command to the board of county commissioners to exercise the power conferred upon them by section 4465 to cause to be laid out, opened and maintained public highways, within the ''limitations and restrictions * * * prescribed by law,'' and subdivision 5 contains their authority to acquire and pay for the rights of way for the highways which they may so cause to be laid out, opened, maintained, etc. But subdivision 3 authorizes the board of county commissioners to cause highways to be laid out, opened, maintained, etc., ''as provided in this Act.'' To determine what is meant by ''as provided in this Act,'' reference must be made to section 1613, the classification of highways made therein, and the methods by which they may be established.

It must be conceded that main highways can be established only in the method prescribed in sections 1676–1702, Revised Codes 1921, and section 1683 specifically grants to the board of county commissioners the right to obtain a right of way for such a highway by condemnation proceedings. .

It is not here contended that the commissioners have the right to establish a state highway, the only contention made being that they have authority to procure a right of way there-

for by condemnation proceedings, after such highway has been approved, laid out and established.

Eliminating main highways and state highways, there are left amongst those enumerated in section 1613 only the ones designated as common or public highways, which are declared to be those established as provided in sections 1635 to 1651, Revised Codes 1921. The proceeding prescribed by these sections is initiated by the filing of a petition with the board of county commissioners, signed by any ten, or a majority, of the freeholders of a road district, taxable therein for road purposes. The filing of this petition confers jurisdiction upon the commissioners to take the additional steps which lead up to the final establishment and opening of the highway. One of these steps is the ascertainment and payment of resultant damages to persons whose property is taken or damaged by reason of establishing such highway. (Sec. 1639.)

Section 1641 provides that if any award of damages made by the board be not accepted within twenty days from the date of the award, it "must by order, direct proceedings to procure the right of way to be instituted by the county attorney of the county as provided by sections 9933 to 9958 of the Code of Civil Procedure, against all nonaccepting landowners."

The two sections last referred to, sections 1639 and 1641, provide the method by which the board may invoke the power granted by subdivision 6 of section 1622 to procure the right of way for a highway established by it, and the conditions under which it may exercise the right to secure the same if it cannot be otherwise obtained.

Aside from the sections last above considered, and section 1683, supra, granting the right in connection with establishing a main highway, no statute granting to the board of county commissioners the power to exercise the right of eminent domain to obtain a right of way for a highway has been called to our attention, and we have found none. It is believed that none exists.

The complaint in the case of Broadwater county against these relators contains a resolution adopted by the board of

county commissioners of the county, reciting that it is neces-
sary and desirable, and that public necessity and convenience
demand, that a public highway be opened across the lands of
the relators, and directing the county attorney of the county
to bring the necessary proceedings to condemn a right of way
therefor; and it is contended by the respondents that the adop-
tion of this resolution was all that was required in order to
authorize the proceeding to be maintained.   This contention is
based upon the following language in section 1641, supra:
"When the board of county commissioners direct the institu-
tion of such proceedings the failure of the board of county
commissioners to give any notices, or to do any act or thing
necessary to be done, as provided in the preceding sections of
this Chapter, shall in no manner affect or invalidate said
proceedings to procure the right of way, nor shall such failure
to give any notice as hereinbefore provided be considered by
the court as a defense in any proceedings instituted for the
purpose of procuring said right of way and such proceedings
when instituted, shall be had and taken as separate and apart
from any act of the board of county commissioners hereinbefore
mentioned, provided that the fact that rights of way sought
to be secured shall have been declared by resolution of the
board of county commissioners as necessary and desirable for
the construction of a public highway shall be made to appear."

The quoted language is not susceptible to the construction
placed upon it by counsel for the respondents, as the right to
institute the proceedings referred to in section 1641 is depen-
dent upon the filing of a petition as prescribed in section 1635,
and no such petition was filed in this instance.

In this connection counsel call attention to certain state-
ments made in the opinion of this court in the case of *Reid*
v. *Lincoln County,* 46 Mont. 31, at page 64, 125 Pac. 429, to
the effect that the board of county commissioners of a county
has power on its own initiative to establish highways when
necessary.   The language immediately following this statement
shows that the same was not deemed essential to the opinion
and that it was inserted only by way of argument.   It is

therefore not binding as a precedent, although it is entitled to
respect as the opinion of the judge who made it.  Under our
statute and the authorities generally, we are of opinion that
no such power is lodged with the board of county commis-
sioners, and for this reason the statement above referred to is
expressly disapproved.

The right to establish highways resides primarily in the legis-
[3] lature and may be exercised only in such manner as the
legislature has prescribed.  (29 C. J., p. 399, sec. 39; *Gooding
Highway Dist.* v. *Idaho Irr. Dist.*, 30 Idaho, 232, 164 Pac. 99.)
In all cases the statute governs, and where a particular mode
of procedure is provided, that mode must, of course, be sub-
stantially pursued.  (1 Elliott on Roads and Streets, 4th ed.,
sec. 369.)

At the extraordinary session of the legislative assembly held
[4] in 1921, an Act was adopted establishing a state highway
commission, prescribing its powers and duties, assenting to the
Federal Aid Road Act (U. S. Comp. Stats., sec. 7477a et seq.),
authorizing the state highway commission to co-operate with
the United States government in the construction of roads and
bridges, and repealing all Acts in conflict therewith.  (Session
Laws (Ex. Sess.) 1921, p. 752.)

Section 15 of this Act, now section 1797, Revised Codes 1921,
reads as follows: "The state highway commission shall have
the power and authority to acquire by purchase or otherwise
necessary rights of way for state highways and to lay out,
alter, construct, improve and maintain highways in the state
of Montana,  *  *  *  and the state highway commission shall
have the authority to exercise the power of eminent domain in
the name of the state for any of the above mentioned purposes.
Whenever it shall be deemed necessary by the commission to
secure the rights of way as herein provided,  *  *  *  and the
same cannot be acquired by purchase, the commission may
direct the attorney general or any county attorney in any
county in the state to procure the rights of way or deposits
of road-building materials by proceedings to be instituted in
the manner as provided in sections 9933 to 9958 of the Code

of Civil Procedure against all nonaccepting landholders and when thereunder the right of way is procured, the road must be declared public highway and open in the manner provided by law."

Under this section the power to exercise the right of eminent domain to obtain a right of way for a state highway is lodged with the state highway commission, to be exercised in the name of the state upon direction of the state highway commission to the attorney general or a county attorney. There is nothing in the Act to indicate that this power should be divided with any other public body, and in our opinion it is exclusively in the state highway commission.

Respondents make the further contention that the grant of [5] this power to the state highway commission is ineffective for the reason that under the statute this commission is not authorized to pay out any of its funds for obtaining a right of way. In this we think they are in error. Section 1799, Revised Codes 1921, provides that for the purpose of carrying the provisions of the State Highway Commission Act into effect, two separate and distinct funds are created, one of which is designated as a "state highway fund" and the other as a "state highway trust fund." The latter fund is credited "with all moneys received from the counties, and from the federal government or other agencies for expenditure by the commission in connection with the actual construction of specific projects"; but the "state highway fund" now receives all moneys collected by the state under the provisions of initiative measure No. 31, adopted by the people at the general election of 1926 (Session Laws, 20th Session, 1927, p. 604). This Act provides that all money collected and deposited in the state highway fund shall be expended by the commission in the construction, reconstruction, betterment, maintenance, administration and engineering of the federal highway system of highways in this state, selected and designated under the provisions of the federal aid Acts and amendments thereto.

Counsel for respondents concede that the term "construct" would ordinarily include obtaining a right of way, as a right

238 State ex rel. McMaster *v.* District Court.   [Oct. T. '27

[80 Mont. 228.]

of way is a necessary incident to a highway, but contend that because the federal statute defines "construction" to mean "the supervising, inspecting, actual building, and all expenses incidental to the construction of a highway, except locating, surveying, mapping, and costs of rights of way" (Fed. Stats. Ann. 1921, Supp., p. 95 [23 U. S. C. A., sec. 2; U. S. Comp. Stats., sec. 7477¼a]), the same meaning must be attributed to the word in the interpretation of our section 1799, supra.

While the definition of the word "construction" contained in the federal Act excludes the expenditure of moneys obtained from the federal government in defraying the cost of obtaining a right of way for a federal aid highway, the initiative measure above referred to did not adopt the definition of the word "construction" contained in the federal Act, although following its language in some other respects.

By the provisions of section 1799, supra, the moneys received from the federal government, which may be used by the state highway commission for the purpose of carrying the state highway Act into effect, are placed in a fund separate and distinct from the funds derived from the sources specified in the initiative measure, and the latter may be used for the purpose of carrying the state highway Act into effect, unhampered by the restrictive definition contained in the federal Act.

Entertaining the view that the district court could not enter a valid judgment in the case of Broadwater county against these relators, we think the case falls within the rule heretofore announced by this court in *State ex rel. McLeod v. District Court,* supra, and the cases therein cited, and it is ordered that a peremptory writ of prohibition issue as prayed for.

*Writ granted.*

Mr. Chief Justice Callaway and Associate Justices Myers, Matthews and Galen concur.