HOUSING AUTHORITY OF CITY OF BUTTE, RESPONDENT, v. BJORK AND COUNTY OF SILVER BOW, DEFENDANTS, COUNTY OF SILVER BOW, APPELLANT.

(No. 8,056.)

(Submitted December 8, 1939. Decided January 13, 1940.)

[98 Pac. (2d) 324.]

*Mr. W. E. Coyle* and *Mr. J. F. Emigh,* for Appellant, submitted a brief.

*Mr. John B. McClernan,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal by defendant county from a judgment for plaintiff. The action was to enjoin the county from selling a certain lot in the city of Butte for delinquent taxes. The facts involved in the controversy are these:

Plaintiff, in September, 1939, commenced an action in the district court of Silver Bow county to obtain certain described property by right of eminent domain. The complaint described the area as a slum district, detrimental to public safety, health and morals; plaintiff, according to its complaint, proposed to eradicate the slum area by substituting in the place of dilapidated and unsafe dwelling accommodations, safe and sanitary buildings for persons of low income. The lands involved were alleged to be necessary for public use.

Plaintiff joined as defendants all persons, corporations and political subdivisions known to claim any interest, right, title or estate in, or lien or encumbrance upon the property or any part thereof, and also ''all other persons, unknown, claiming or who might claim any right, title, estate, or interest in, or lien or encumbrance upon, the real property described in the complaint, or any thereof, adverse to plaintiff's ownership, or any cloud upon plaintiff's title thereto, whether such claim or possible claim be present or contingent, including any claim or possible claim of dower, inchoate or accrued.'' The county of Silver Bow and Charles Erb were named as defendants. Charles Erb was personally served with summons and notice to appear, but made no appearance at the time fixed for the hearing.

After hearing, the court found that it was necessary for plaintiff to acquire title and possession of the property in question for the purpose alleged, and appointed appraisers to appraise the property and to determine the amount to be paid to each owner or other person interested in the property. After the appraisers fixed the amount to be paid to each owner, plaintiff deposited the money in court. Thereupon, on motion of the county, the court ordered that there should be deducted from each individual award the amount of delinquent taxes against the particular piece of property owned by such individual and ordered that the money so deducted be paid to the county treasurer.

The lot in question here was found to belong to defendant Charles Erb, and it was found that he was entitled to $100 as the fair market value of the lot. The delinquent tax against the lot is shown to be $210.64. The county received the $100 fixed

as the value of the lot and threatens to sell the lot at tax sale for the unpaid balance. This action was brought to enjoin the county from so doing. The district court entered judgment for plaintiff, enjoining the sale of the property and the appeal followed.

The general rule governing the precise question before us is ▮ stated in 61 C. J. 945, as follows: ''Where land is taken under eminent domain by a municipality or a like entity, a lien for taxes is extinguished.'' To the same effect is 26 R. C. L. 299, note 2. Many cases support this rule: *Gasaway* v. *City of Seattle,* 52 Wash. 444, 100 Pac. 991, 21 L. R. A. (n. s.) 68; *Smith* v. *City of Santa Monica,* 162 Cal. 221, 121 Pac. 920; *State* v. *Locke,* 29 N. M. 148, 219 Pac. 790, 30 A. L. R. 407; *Foster* v. *City of Duluth,* 120 Minn. 484, 140 N. W. 129, 48 L. R. A. (n. s.) 707; *State* v. *Stovall,* (Tex. Civ. App.) 76 S. W. (2d) 206; *Gachet* v. *City of New Orleans,* 52 La. Ann. 813, 27 So. 348; *City of Laurel* v. *Weems,* 100 Miss. 335, 56 So. 451, Ann. Cas. 1914A, 159; and compare *Collector of Taxes of City of Boston* v. *Revere Bldg., Inc.,* 276 Mass. 576, 177 N. E. 577, 79 A. L. R. 112, and note.

The purport of most of the above cited cases is that the lien for taxes follows the funds fixed as compensation for the property. Section 39, Article V of the Constitution, is in no way violated so long as the county obtains the fair market value of the property.

What we have said presupposes that proper procedure has ▮▮ been taken to obtain the property by condemnation. So far as Erb's interest in the property is concerned, the record shows that proper procedure was taken. But the record affirmatively shows that summons was not served upon unknown owners prior to the hearing. This appears from the fact that the complaint was not filed until September 25, 1939, whereas the hearing was held on October 10th. The statute permits the joining of unknown parties by a statement to that effect. (Sec. 9940, Rev. Codes.) Summons may be served in like manner as in a civil action. (Sec. 9941.) The action being one *in rem* (18 Am. Jur. 738), service of summons on nonresidents may be made by publication under section 9117 (*State of Georgia*

v. *City of Chattanooga,* 264 U. S. 472, 44 Sup. Ct. 369, 68 L. Ed. 796; *Wick* v. *Chelen Elec. Co.,* 280 U. S. 108, 50 Sup. Ct. 41, 74 L. Ed. 212), and in such case the summons shall contain a general statement of the nature of the action (sec. 9119). In suits to quiet title unknown parties may be made defendants (sec. 9480), and served by publication (sec. 9483). The same is true in partition suits (sec. 9524). The same procedure is contemplated in suits to condemn property. That this is so is made apparent from section 9954, reading: ''Except as otherwise provided in this chapter, the provisions of sections 9008 to 9832 of this code are applicable to and constitute the rules of practice in the proceedings mentioned in this chapter.'' Section 9942 contemplates that all persons claiming an interest in property may appear, answer or demur to the complaint—each in respect to his own property or interest.

The jurisdiction of courts over eminent domain proceedings is wholly statutory, and no court has jurisdiction in such matters except and in so far as it is given jurisdiction by the provisions of statute. (2 Nichols on Eminent Domain, 2d ed., sec. 425, and see, also, sec. 469; *State ex rel. City of St. Louis* v. *Beck,* 333 Mo. 1118, 63 S. W. (2d) 814, 92 A. L. R. 373.) In other words: ''The due process clause, in addition to its requirement of public use and just compensation, protects the land owner from the adoption of any form of procedure in eminent domain cases which deprives him of a reasonable opportunity to be heard and so to present such objections and claims as he is entitled to make.'' (10 R. C. L. 17.)

When the right of eminent domain is invoked, the provisions of the law granting the right must be complied with. (*State ex rel. McMaster* v. *District Court,* 80 Mont. 228, 260 Pac. 134; *Glass* v. *Basin Mining & Concentrating Co.,* 22 Mont. 151, 55 Pac. 1047; *City of Helena* v. *Rogan,* 26 Mont. 452, 68 Pac. 798.)

Under section 9187, Revised Codes, also, the court has authority to permit those served otherwise than personally to answer the merits of the original action at any time within one year after the rendition of judgment. Hence, while the county

of Silver Bow may not sell the property in question for delinquent taxes so far as Erb's interest therein is concerned, plaintiff has acquired only the interest of those in the property who were served with summons, either personally or by publication, and had opportunity to be heard before the making of the order finding that the public interests require the taking of the land and the appointment of appraisers.

While the failure to serve some defendants does not affect the right to proceed against those served (sec. 9941, Rev. Codes), yet those not served, if any there be, who have an interest in the property have a right to be heard on some or all questions arising in the case, depending upon the extent of their interest. If, therefore, there are in fact other persons interested in the lot in question who were not served with process at least ten days before the hearing, and who did not voluntarily appear in the action at the time of or prior to the hearing, they may still assert their rights, and the county's lien for taxes against the interests of such owners is unaffected by the proceedings already taken.

We will not assume at this stage of the case that there are any such owners or parties interested in the Erb lot, and hence will affirm the judgment. It is so ordered.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ERICKSON and ARNOLD concur.