**CHILDRESS COUNTY et al. v. SCHULTZ.**

**No. 5751.**

Court of Civil Appeals of Texas. Amarillo.

Dec. 16, 1946.

J. M. Preston, of Childress, and H. G. Woodruff, of Decatur, for appellants.

C. A. Williams, of Childress, for appellee.

STOKES, Justice.

On March 14, 1940, the City of Childress, a duly organized and existing municipal corporation located in Childress County, filed a suit against the appellee, Percy J. Schultz, and his brother and sisters to re-

cover the taxes due the City for the years 1928 to 1939 inclusive and to foreclose its tax lien against three lots located in the city of Childress upon which was located a hotel building. The State of Texas, the County of Childress and the Childress Independent School District intervened in the suit and sought to recover the taxes due them respectively and to foreclose their tax liens upon the same property. The tax suit resulted in a judgment in favor of the plaintiff and the intervenors for an aggregate amount in excess of $5,000. The court adjudged the reasonable value of the property at that time to be $5,000 and at the sheriff's sale on October 1, 1940, it was bid in by the City of Childress, for itself and as trustee for the other taxing units, for the sum of $5,000, the city being the only bidder at the sale. A sheriff's deed was duly executed and the property conveyed to the City of Childress, for itself and as trustee for the intervenors. On the 8th of October, 1942, two years and eight days after the city purchased the property at the sheriff's sale, the City of Childress, with the consent of the school district and county authorities and those representing the State of Texas in the tax suit, entered into a contract with the appellee, Percy J. Schultz, in which it agreed to sell the property to the appellee for the sum of $5,000, of which amount the sum of $1,200 was to be paid in cash and the balance in monthly installments of $200 each. The contract provided that when the purchase price was paid, the city, acting for itself and as trustee for the other taxing agencies, would execute and deliver to the appellee a deed, in which the property would be conveyed to him. It was further provided that in the event the appellee failed to pay any monthly installment when it became due, he would thereby forfeit the contract and the cash payment of $1,200 would be appropriated by the city, as rental. The cash payment was made, all monthly installments were paid by the appellee as they became due and, on the 22nd of September, 1944, the city executed and delivered to the appellee a deed, conveying the property to him in accordance with the contract. The proceeds of the sale were distributed to the various taxing agencies in proportion to their claims for taxes and accepted by them in satisfaction thereof.

On January 2, 1946, the appellee filed his original petition in the instant suit against the State of Texas, the County of Childress and the Childress Independent School District, in which he alleged that, while the property was being held by the city for itself and as trustee for the State, County and School District, the State, the County and the School District unlawfully assessed the property for taxes for the years 1941, 1942, 1943 and 1944, the assessments aggregating approximately $1,500, and that the respective amounts for which the property had been so assessed appeared upon the tax rolls of the respective taxing agencies and upon the delinquent tax records as charges and liens upon the property. He alleged the officers of the respective taxing agencies were threatening to foreclose their purported tax liens upon the property and would do so unless they were, in some manner, restrained by a decree of the court. He prayed for a mandatory injunction requiring the taxing agencies and their tax collectors to cancel any and all records showing or tending to show that they had any claim or liens against the property for the years during which it was held by the City of Childress and for judgment removing all clouds cast upon the title by reason of the claims of the respective taxing agencies for taxes unlawfully assessed for the years 1941, 1942, 1943 and 1944.

The record indicates the claim of the School District was in some manner adjusted after the suit was filed but the State of Texas and Childress County filed a joint answer, in which they joined issues with the appellee on all of his allegations and prayed for judgment denying him any relief. By supplemental pleadings, the assessment of taxes for the year 1940 was included in the issues and appellants prayed for judgment for the taxes alleged to be due for the years mentioned and for foreclosure of their tax liens.

The case was submitted to the court without the intervention of a jury and resulted in a judgment in favor of the appellee, cancelling the taxes assessed against his prop-

erty by the State and Childress County for the years 1941 and 1942 but denying him relief as to the taxes assessed for the years 1940 and 1944. The judgment was in favor of the appellants for the taxes assessed for those two years and the respective liens foreclosed. The record shows that, for some reason not revealed, appellee paid the taxes assessed by the State and County for the year 1943.

Appellants, the State of Texas and Childress County, and the appellee Percy J. Schultz all preserved exceptions to the judgment and the State of Texas and Childress County have' perfected an appeal to this court. They contend the judgment should be reversed because, first, the court erred in decreeing cancellation of the taxes assessed for the year 1942 because appellant rendered the property for taxes for that year and he was therefore estopped to deny his liability for them; and, secondly, in decreeing that the property was not subject to taxation for the years 1941 and 1942, because, during those two years, appellee had the legal right to redeem it from the tax foreclosure sale.

■ Appellants' first contention cannot be sustained. The record shows appellee rendered the property for taxes for the year 1942, not as his own property, but as the property of Mrs. Emilie Schultz. The property was originally owned by C. F. Schultz, who was the father of appellee and his brother and sisters. C. F. Schultz died in 1927 leaving a last will and testament in which he bequeathed the property to his wife, Mrs. Emilie Schultz, who was the mother of appellee and his brother and sisters. Mrs. Schultz died intestate in 1939 and the property was inherited from her by appellee and his brother and sister. No partition was effected and the property remained in the name of Emilie Schultz. Neither of the heirs is shown to have been given special authority to manage and control the property, but appellee seems to have managed it during a portion of the time and one of his brothers-in-law had charge of it during other portions of the time. It is clear, therefore, that when appellee assessed it for taxes as the property of Mrs. Schultz, it was, in reality, assessed as the property

of her estate. Even if it had been rendered as his property, however, it did not belong to him, but to the city, and the rule of estoppel invoked by appellants does not apply. Moreover, the property was not subject to taxation, since it belonged to the city of Childress, and appellee's rendition of it for taxes could not change its status. The renditions were, therefore, void and of no effect. Texas Constitution, Article XI, Section 9, Vernon's Ann.St.; Sommers v. Boyd, 48 Ohio St. 648, 29 N.E. 497; Woodmere Cemetery Ass'n v. Springwells Tp., 130 Mich. 466, 90 N.W. 277; City of Detroit v. Donovan, 127 Mich. 604, 86 N.W. 1032.

■ Appellants further assert in this connection that the right of redemption of the property during the two years of 1941 and 1942 was a valuable property right and was subject to taxation. The answer to this contention is that the right of redemption was not the property right that was assessed for taxes. The assessment was against the property itself, that is, the lots and improvements, and it is upon them that appellants are asserting liens and seeking to foreclose their purported liens for taxes.

Under their second contention, appellants assert the property was subject to taxation for the years 1941 and 1942 and the court erred in cancelling the assessments for those years. The property was purchased by the city at the sheriff's sale, which was conducted by virtue of an order of sale foreclosing the liens for taxes. It was purchased by the city for itself and as trustee for the state and county with the ultimate purpose of selling it and thereby procuring the money to pay the taxes due each of them. It was held by the city, therefore, for a public purpose and during the time it was so held it was not subject to taxation by the state, county, city or school district. City of Austin v. Sheppard, 144 Tex. 291, 190 S.W.2d 486, 162 A.L.R. 1116, and authorities there cited. In the cited case, the Supreme Court specifically held that property being held under circumstances such as are revealed here is held for a public purpose and is exempt from taxation by virtue of the provision of the Constitution. The question is, therefore, not an open one in this state. It has definitely been resolved

against the contention of appellants and their assignments of error must, therefore, be overruled.

■ By cross-assignments of error, appellee asserts the court erred in refusing to decree cancellation of the tax assessments for the years 1940 and 1944, and in rendering judgment for the taxes, and foreclosing the purported tax liens for those two years. It is clear, we think, that the cross-assignment must be sustained as to the assessment and taxes for a portion of the year 1944. The property was purchased by the city on October 1, 1940, and the title was held by it until September 22, 1944, when it was conveyed to the appellee. The title was therefore, in the city of Childress on January 1, 1944, and the property was not subject to taxation as long as it was so held. When the city conveyed it to the appellee on September 22, 1944, however, it immediately became subject to taxation and was liable for the taxes that accrued between that date and December 31 of that year. The court erred, therefore, in refusing to decree cancellation of the assessments for that portion of the year 1944 which elapsed prior to September 22. Article 7151, Vernon's Revised Civil Statutes, 1925.

■ As to the taxes for the year 1940, a different situation is presented, but a similar result must follow. The judgment foreclosing the tax liens in the prior suit of the city of Childress included the year 1939 and prior years. The judicial sale under that judgment did not take place until October 1, 1940. The property was, therefore, subject to taxation on January 1, 1940, as the property of the estate of Emilie Schultz, deceased, and it was duly assessed for that year. The taxes for that year were pending when the city purchased the property, but when it was so purchased, all prior taxes and liens securing the same became merged into the superior title acquired by the city under the judicial sale and the sheriff's deed. This question was directly before the Court of Civil Appeals of the Tenth District in the case of State v. Stovall et al., 76 S.W.2d 206, and it was resolved in accordance with what we have just said.

The only difference between the situation presented in that case and the one presented here is that in the Stovall case the property had been purchased at a tax sale by the state, and in this case it was purchased by the city. Since the city, the county and the school district are subdivisions of the state, however, there could be no difference. Taxes are levied and collected for essentially the same purposes by one as they are by the other. It is a general rule of law that when one acquires a fee simple title to land, all prior liens and inferior titles or interests owned by him are merged into the superior title unless a different intention is shown, and we conceive of no reason why the general rule should not be applied in a case like this. Moreover, the property involved in this case was purchased by the city of Childress for itself and as trustee for the state and Childress County. The State was therefore interested in both the taxes and the title to the property. In that respect, the questions presented in the two cases are exactly the same. Our conclusion is, therefore, that the court erred in refusing to decree cancellation of the tax assessments on the property here involved for the year 1940. State v. Stovall, supra; Mexia Independent School District v. City of Mexia, 134 Tex. 95, 133 S.W.2d 118, 134 A.L.R. 1277; State v. Locke, 29 N.M. 148, 219 P. 790, 30 A.L.R. 407; Housing Authority of City of Butte v. Bjork, 109 Mont. 552, 98 P.2d 324; State v. Maricopa County, Ariz., 300 P. 175.

As indicated by what we have said, the assignments of error presented by the appellants will be overruled and the cross-assignment presented by appellee will be sustained. The judgment will be reversed and the cause remanded with instructions to the court below to adjust the taxes assessed against the property for the year 1944 in accordance with the provisions of Article 7151, Vernon's Revised Civil Statutes of 1925, and enter judgment cancelling the assessments of taxes for all the years involved except those which accrued during the year 1944 subsequent to September 22nd. The costs accrued in this court and in the court below will be taxed against the appellants.