

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 21, 1970

Mr. Henry Wade
District Attorney
Dallas, Dallas County, Texas

Opinion No. M-755

Re: Date to be used in pro-
rating and collecting
ad valorem taxes due
under Article 7151,
Section 2, V.C.S., as
amended.

Dear Mr. Wade:

You have requested the opinion of this office on a question involving the interpretation of Article 7151, Section 2, Title 122, Taxation, Vernon's Civil Statutes, as amended, relative to prorating ad valorem taxes. This question was stated in your request as follows:

> "Must Mr. Gentle, as Tax Assessor and Collector of Dallas County, collecting taxes therefor and for the State and various agencies, prorate such taxes down to the very date on which the realty becomes exempt from taxation, and accept and collect only the amount of taxes so calculated, or may he prorate and calculate such taxes, and accept and collect their amount, as of the end of the month in which the land becomes exempt from taxation?

In accordance with information submitted by you, it is felt by Mr. Gentle that under Section 2 of Article 7151, supra, he is "merely required to prorate and accept and collect down to the end of the month in which the land becomes exempt; that to require him and his deputies to calculate taxes down to the date of the deed or acquisition of title, as to each particular tract - on the very large number of tracts which he must prorate each year - will place an unreasonable burden on his office, which the law does not require. But various title companies contend otherwise; that their contract-forms provide for proration of taxes down to the date of conveyance; . . ."

Article 7151, Section 2, reads:

"During the tax year between January 1 and October 1, when title to or any interest in land being acquired by the United States or the State of Texas, or any of its agencies, including cities, towns, villages, water or conservation districts, flood control, levee, or waterway improvement districts, is voluntarily conveyed by the owner thereof or is acquired for public use by condemnation as provided by law, such agency's authorized tax official shall estimate the amount of taxes which would have been or will become due and payable for the year had the land not been acquired for public purposes.

When such estimate of yearly taxes is determined as aforesaid, such tax official of the taxing authorities or agencies of this state shall prorate such taxes on the basis of the number of months the land remained in private ownership or control, such date to be determined by the date of conveyance to the government or the date of order of possession of the court having jurisdiction thereof, and shall certify same, and shall accept or collect said prorated taxes and issue his receipt therefor which receipt shall constitute a full and complete release of all taxes and shall be in full satisfaction of all such liens, express or inchoate in favor of the tax units aforesaid. Such proration shall be based upon the tax assessed for the preceding year unless the tax for the current year shall have been by then determined and set, in which event the proration shall be based on the new assessment and rate. The legally designated tax official shall account for the funds collected as herein provided in the same manner as required under existing law relating to such taxes."

Section 2, supra, provides the method to be used in determining the ad valorem taxes due on real property where the real property becomes exempt during a tax year. The period for which tax is due is based upon the number of months the land remains in private ownership or control. The cutoff date for determining the total amount of tax due is the date that this office has been asked to determine, that is, whether a tax official can prorate and collect the taxes to the end of the calendar month during which the property acquires an exempt status or whether he should prorate and collect the taxes due only to the "date of conveyance to the government or the date of the order of

possession of the court having jurisdiction thereof," thereby excluding the remainder of the month from the taxable period.

Section 2 was made a part of Article 7151 by an amendment effective May 29, 1969. Prior to this amendment, Section 1 constituted the whole of Article 7151. The language of Section 1 prior to the 1969 amendment is carried forward by that amendment verbatim with one exception which is that the law was made applicable to "all" instead of only "state and county" taxation. There are no case authorities interpreting Section 2; however, there are authorities interpreting Section 1 and dealing with the point to be determined.

In the case of Childress County v. Schultz, 199 S.W. 2d 860,(Tex. Civ. App., 1946, no writ), the court dealt with a reverse fact situation. The property in that case was owned by the City and was therefore exempt from ad valorem taxation. It was conveyed to a purchaser on September 22, 1944, and having lost its exempt status became subject to taxation. The court construed Article 7151, a relevant portion of which reads the same now as then, as follows:

> "If any property has, by reason of any special law, contract, or fact, been exempt or has been claimed to be exempted from taxation for any period or limit of time and such period of exemption shall expire between January 1st and December 31st of any year, said property shall be assessed and listed for taxes as other property; but the taxes assessed against said property shall be for only the pro rata of taxes for the portion of such year remaining."

The court in the Childress County Case in determining when the liability of the purchaser for ad valorem taxes began stated:

> "The title was therefore, in the city of Childress on January 1, 1944, and the property was not subject to taxation as long as it was so held. When the city conveyed it to the appellee on September 22, 1944, however, it immediately became subject to taxation and was liable for the taxes that accrued between that date and December 31 of that year." (emphasis added). (at p. 863).

Thus, the court used the precise date on which the non-exempt status was obtained as the date for beginning the taxable period for ad valorem purposes under Article 7150, supra.

Attorney General Opinion No. O-5767, dated January 15, 1944, reached a conclusion similar to the decision in the Childress County Case.  The question presented in that opinion was whether 1943 taxes should be assessed on property which was owned by the Farm Security Administration, but conveyed by it in August, 1943, to individuals.  If the taxes were assessable against the property, a second question was for what period of time should they be due.  The opinion determined that the property was taxable, but only for the pro rata portion of the year after the conveyance.  The taxable period was "from the date of the deed for the remaining portion of the year."

A factual situation wherein property was non-exempt and then became exempt, as is the fact situation under consideration, was presented in Dickison v. City of San Antonio, 349 S. W. 2d 640 (Tex. Civ. App., 1961, error ref. n.r.e.).  In this case the date of purchase of a street transportation system by the City was May 1, 1959.  The Court construed what is now Section 1, Paragraph 2, Article 7151, supra, and used the date of the purchase as the cutoff date for determining the ad valorem tax liability of the seller.  This fact was made clear by the following statement:

> "Having held that . . . no taxes were due after May 1, 1959, the Transit Company owned nothing and the City assumed nothing . . ." (emphasis added at p. 644).

The apparent logic for the determination in the Dickison Case that no further taxes were due under Article 7151, supra, (before the addition of Section 2) after the actual date on which the property obtained its exempt standing, and the rule likewise applicable to Section 2, is that property can no longer be taxed once it becomes exempt.  Thus, from the authorities cited, it is the opinion of this office that under Article 7151, Section 2, supra, a tax official cannot prorate and collect ad valorem taxes through the end of the calendar month during which the property gains an exempt status, but must prorate the taxes to the date of the conveyance or date of the order of possession.

## S U M M A R Y

Ad valorem taxes on realty which becomes exempt between January 1 and October 1, under the provisions of Article 7151, Vernon's Civil Statutes, must be prorated to the date of the conveyance or date of the order of possession, as provided in that Article.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Harriet D. Burke
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Steve Hollahan
Ben Harrison
Wm. J. Craig
Sally Phillips

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant