MR. JUSTICE MORRISON
delivered the Opinion of the Court.
Plaintiffs appeal the April 25, 1985, order of the Sixteenth Judicial District Court granting summary judgment in favor of defendants. We reverse and remand.
This action was brought by plaintiffs to secure an additional Vs of the proceeds from a producing oil well in Fallon County, Montana. The lease (Lease) in dispute covers the NWVi of Section 8, Township 7 North, Range 60 East, and has been the subject of litigation twice previously. A brief history of the chain of title is in order.
Prior to July 1955, McDonald & Eide, Incorporated (M & E) owned the entire working interest in the Lease. At all times, the Lease has been subject to a 12.5% landowner royalty and a 3% over-, riding royalty; these royalty interests are not in dispute. On July 12, 1955, M & E assigned 100 percent of its interest in the SV2 of the NWVi and 50 percent of its interest in the NV6 of the NWVi to H. W. McDonald. McDonald did not record this assignment until May 15, 1963.
On January 22, 1958, M & E’s corporate charter was repealed for failure to pay taxes. Under Delaware law, the corporation had three years to wind up its business. On June 1, 1961, corporate officers of M & E purported to assign M & E’s total working interest in the Lease to Vernon Eide and Jacob Von DeLinde. This assignment conflicted with the one previously made to McDonald.
Shortly thereafter, Continental Oil Company (Continental) began negotiations with Eide & Von DeLinde to purchase the Lease. Recognizing that McDonald had filed a quiet title action against Eide and Von DeLinde concerning the Lease, Continental sought McDonald’s participation in the deal. On May 22, 1962, Eide & Von De-Linde assigned an undivided V2 interest in the Lease to Continental. On May 24, 1962, McDonald signed an agreement ratifying the assignment from Eide & Von DeLinde to Continental of an undivided V2 interest in the Lease. The ratification agreement provided in part,
“. . . the undersigned, H.W. McDonald, does hereby ratify, adopt and confirm said assignment, in all things with the same force and *143 effect as if the undersigned had been named the assignor therein and had duly executed and delivered said assignment to Continental Oil Company.
“For the same consideration, the undersigned does hereby transfer, assign, set over and convey unto Continental Oil Company an undivided one-half (V2) interest in the oil and gas lease above described
On March 20, 1964, while McDonald’s quiet title action was still pending, McDonald made the following assignments: to Gene Huntley 50 percent of his interest in the SV2 of the NW!4 and an undivided 50 percent interest in the NVfe of the NW Í4; to Donald Iverson 25 percent of his interest in the SV2 of the NW!4 and an undivided 25 percent interest in the NV2 of the NWV4; to Alvin Larson 25 percent of his interest in the SV2 of the NWVi and an undivided 25 percent interest in the NV2 of the NW14. Each of these assignments included a provision that the intent of the assignment was to convey to the assignee the respective share of moneys “held in suspense by Continental Oil Company.”
On June 16, 1964, final judgment No. 3679 was entered in McDonald’s quiet title action against M & E, Eide, Von DeLinde and Continental. The judgment quieted title in the Lease in McDonald to the extent of 50% of the NV2 of the NW!4 and all of the SV2 of the NWVi, yet held McDonald’s interest subject to the ratification agreement with Continental. The interests of Huntley, Iverson, and Larson were not addressed by the judgment.
On May 28, 1965, the stockholders of M & E appointed Frank Gunnip as receiver for M & E. On February 23, 1967, Gunnip sued M & E and its corporate officers to recover the Lease and other property. Findings of fact and conclusions of law were entered by the trial judge on December 21, 1970, ruling that the conveyance in 1961 of the Lease from M & E to Eide and Von DeLinde was voided in its entirety. Final judgment was delayed for several years due to interim proceedings providing for payment to parties who had developed the Lease. On January 7, 1976, final judgment No. 4062 was entered, providing that Gunnip was owner of a one-half interest in the N V2 of the NW lA; defendants Eide, Von DeLinde and Continental were held to have no interest in the Lease.
Shell Oil Company, responsible for disbursing the proceeds from the Lease, continued to pay Continental V2 of the proceeds based upon Continental’s assertions that it was entitled to that fraction. Continental continued to claim a 50 percent interest under the rati *144 fication agreement with McDonald. Although judgment No. 4062 held that Gunnip was owner of a 50 percent interest in the Nx/2 of the NWV4, Shell was paying him an amount equal to a 25 percent interest.
On October 6, 1981, Gunnip assigned a 3.75 percent interest in the Nx/2 of the NWx/4 to Huntley, and a 2.5 percent interest in the Nx/2 of the NWx/4 to Robert Schwinn.
Huntley became aware that Gunnip was not receiving his full share, and following demands for payment, Gunnip, Huntley and Schwinn filed suit requesting an additional Vs of the proceeds from the Lease. Following summary judgment motions from both parties, summary judgment was granted in favor of Continental by order dated April 25, 1985.
The sole issue on appeal is whether the District Court erred in granting Continental’s motion for summary judgment.
Rule 56(c), M.R.Civ.P. provides that summary judgment shall be granted when the record discloses no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. A review of the record before the District Court in this case reveals fact issues which must be resolved.
Continental asserts it is entitled to a 50% interest in the Nx/2 of the NWx/4 of the Lease under the ratification agreement with McDonald. However, Continental admits in its brief that it did not adopt this position at the time the ratification agreement was executed in 1964; prior to the time judgment No. 4062 was entered, Continental derived a 25% interest in the Nx/2 of the NWXA from the Eide and Von DeLinde conveyance and a 25% interest under the ratification agreement. Judgment No. 4062 voided the conveyance from M & E to Eide and Von DeLinde in its entirety, thereby eliminating the 25% interest Continental claimed under assignment from Eide and Von DeLinde. Following judgment No. 4062, Continental continued to assert a 50% interest under the ratification agreement with McDonald.
There remain unresolved issues of material fact regarding the interest of Continental. Although McDonald conveyed an “undivided one-half interest” in the Lease under the ratification agreement, Continental admits in its brief that it did not treat its 50% interest in the Nx/2 of the NWVi as being derived solely from McDonald until judgment No. 4062 was entered. In 1964 McDonald assigned undivided interests to Huntley, Iverson, and Larson. Huntley, Iverson and Larson have claimed under this assignment adverse to the inter *145 est Continental now claims under the ratification agreement. A trial must be held to assess Continental’s interest considering potential application of adverse possession, waiver and estoppel.
The court cannot decide Continental’s interest under McDonald’s ratification agreement without McDonald’s assignees before the court. They must be joined on remand.
Continental’s asserted 50% interest in the NW of the Lease must be tested against the interest of McDonald’s assignees and their successors in interest. The order of the District Court awarding summary judgment to Continental is reversed. The matter is remanded for further proceedings in accordance with this opinion.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES WEBER, HUNT and MR. CHIEF JUSTICE HASWELL, who was sitting for MR. JUSTICE GULBRANDSON, concur.