No. 88-331

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

CONTINENTAL OIL COMPANY, a corporation,

Petitioner

-vs-

ELKS NATIONAL FOUNDATION, a legal entity; FLOYD R. YOUNG; CHAD RANDALL YOUNG by his guardian SHERRY L. YOUNG; JOSHUA LEE YOUNG, by his guardian SHERRY L. YOUNG, MICHAEL EDWIN MAXWELL, by his guardian SHIRLEY G. JOHNSON; CORINNA NELL MAXWELL, by her guardian SHIRLEY G JOHNSON; LOIS E. LaRUE RIGGINS; SHERRY L. YOUNG; JAMES BYRD; JOSEPH EDWIN MAXERLL, JR.; BETTY WILSON; MARY JO BYRD; THOMAS A. LARSON and GENE HUNTLEY,

Respondents

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:
 For Petitioner:

   Chris Mangen, Jr. argued, Crowley, Haughey, Hanson, Toole & Dietrich; Billings, Montana

 For Respondents:
  Gene Huntley argued, Baker, Montana

  James L. Sandall for Amicus Curiae Frank A. Gunnip and Robert P. Schwinn, Billings, Montana

Submitted: December 13, 1988
Decided: January 25, 1989

Clerk

FILED
'89 JAN 25 AM 10 03
ED SMITH, CLERK
MONTANA SUPREME COURT
Filed:

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

This is an application for a writ of supervisory control under Rule 17, M.R.App.P. It follows a summary judgment by the District Court for the Sixteenth Judicial District, Fallon County, which adjudicated the ownership of the working interest in an oil and gas lease. We accept supervisory control and reverse the judgment of the District Court.

The issue is whether this Court should issue a writ of supervisory control to determine the extent of Continental Oil Company's ownership in the oil and gas lease.

This case was before the Court previously as Gunnip v. Continental Oil Co. (Mont. 1986), 727 P.2d 1315, 43 St.Rep. 1605. That opinion sets forth the complicated history of the ownership of the working interest in the N½ of the NW¼ of Section 8, Township 7 North, Range 60 East. In all discussion in this opinion, we are referring to that working interest. In the Gunnip opinion, this Court indicated the ownership of the working interest, as established in previous judgments relating to the property, as follows: half of the N½NW¼ in H.W. McDonald, subject to a 1962 ratification agreement with Continental Oil Company (Continental), and the other half of the N½NW¼ in Frank Gunnip. Gunnip, 727 P.2d at 1316. The Court remanded the case to District Court for joinder of essential parties and "to assess Continental's interest considering potential application of adverse possession, waiver and estoppel." Gunnip, 727 P.2d at 1317.

The plaintiffs in the present case trace their ownership in the N½NW¼ to conveyances from H.W. McDonald subsequent to the 1962 ratification agreement. The effect of the 1962 ratification agreement was argued on remand. The District Court ruled that the intent of the parties to the ratification was that Mr. McDonald conveyed to Continental one half

of his interest in the N½NW¼. It ruled that the ownership of the N½NW¼ is as follows: one half in Frank Gunnip and his assigns, one fourth in plaintiffs, and one fourth in Continental. Continental filed a notice of appeal to which plaintiffs objected because certification had not been obtained from the lower court as required by Rule 54(b), M.R.Civ.P. We allowed an opportunity for the lower court to certify its partial summary judgment, but the court declined to do so. Continental now asks this Court to exercise its power of supervisory control. At oral argument, counsel for plaintiffs joined in the request that this Court determine the interest of Continental in the N½NW¼.

Frank Gunnip and his assign Robert Schwinn, who were formerly plaintiffs, have obtained separate counsel and have been redesignated by the lower court as defendants. They have filed a third-party complaint below, asserting their right to one half of the working interest in the N½NW¼. In their brief to this Court, they take no position on the application for supervisory control but ask that their one half interest in the working interest in the N½NW¼ be acknowledged.

Should this Court issue a writ of supervisory control to determine the extent of Continental's ownership in the oil and gas lease?

Our caselaw has set forth the standard to be employed in determining whether supervisory control under Rule 17, M.R.App.P., is warranted. Supervisory control is proper to control the course of litigation when the lower court has made a mistake of law or willfully disregarded the law so that a gross injustice is done and there is no adequate remedy by appeal; also, to prevent extended and needless

3

litigation. State Highway Com'n. v. District Ct., Thirteenth J.D. (1972), 160 Mont. 35, 42-43, 499 P.2d 1228, 1232.

As the opinion in Gunnip stated, the 1962 ratification agreement signed by Mr. McDonald provided that:

> . . . the undersigned, H.W. McDonald, does hereby ratify, adopt and confirm said assignment, in all things with the same force and effect as if the undersigned had been named the assignor therein and had duly executed and delivered said assignment to Continental Oil Company.
> For the same consideration, the undersigned does hereby transfer, assign, set over and convey unto Continental Oil Company an undivided one-half ($\frac{1}{2}$) interest in the oil and gas lease above described . . .

Gunnip, 727 P.2d at 1316. The plaintiffs argue here, as they did before the District Court, that the ratification is ambiguous so that a court must look beyond the four corners of the document to interpret it. The Court was not persuaded by that argument in Gunnip, nor is it now. We stated:

> There remain unresolved issues of material fact regarding the interest of Continental. Although McDonald conveyed an "undivided one-half interest" in the Lease under the ratification agreement, Continental admits in its brief that it did not treat its 50% interest in the N$\frac{1}{2}$ of the NW$\frac{1}{4}$ as being derived solely from McDonald until judgment no. 4062 was entered. In 1964 McDonald assigned undivided interests to Huntley, Iverson, and Larson. Huntley, Iverson and Larson have claimed under this assignment adverse to the interest Continental now claims under the ratification agreement. A trial must be held to assess Continental's interest considering potential application of adverse possession, waiver and estoppel.

Gunnip, 727 P.2d at 1317.

In the above quotation, this Court recognized that the ratification conveyed an "undivided one-half interest" in the lease. Then, as now, we found no ambiguity in the

4

ratification agreement. We remanded so that adverse posses-
sion, waiver, and estoppel could be considered as theories
under which Continental might have subsequently lost or
forfeited any portion of its one half interest. The District
Court ignored this Court's opinion and reconsidered the
effect of the ratification agreement. We therefore grant
supervisory control.

We have considered all materials and evidence submitted
by plaintiffs, including copies of certain oil division
orders and correspondence between Continental and plaintiffs'
attorney. We have considered whether those might support a
theory of adverse possession, waiver, or estoppel against
Continental. However, we find nothing to indicate that
Continental has relinquished its claim to any portion of one
half of the working interest in the N½NW¼. The documents
reflect Continental's mistaken reliance, at that time, on the
validity of interests claimed by Vernon Eide and J. Von
DeLinde. This ended after the 1970 judgment voiding the
conveyance to Mr. Eide and Mr. Von DeLinde and vesting owner-
ship in Gunnip. See Gunnip, 727 P.2d at 1316. Plaintiffs
contend that the documents demonstrate that Continental
relied upon a conveyance to it from Mr. Eide and Mr. Von
DeLinde. We do not accept that contention. The mere state-
ment in the letters and division order of a supposed interest
held by Eide and Von DeLinde is not enough to establish a
loss of the interest conveyed to Continental from H.W.
McDonald. The documents also indicate that Mr. Huntley and
two other McDonald assigns held interests in the lease. They
do not name the grantor of any of the interests, however.
The documents uniformly show Continental' claim to one half
of the working interest. We conclude that plaintiffs have
failed to present substantial evidence to support a theory of
adverse possession, waiver, or estoppel against Continental.

5

We therefore reverse the District Court. We hold that Continental owns an undivided one half interest in the working interest in the N½NW¼. We further hold that Mr. Gunnip and his assigns own the remaining half of the working interest in the N½NW¼. We remand to the District Court for entry of judgment establishing the ownership of the working interest in the N½NW¼ and for such further proceedings as are necessary in conformity with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

_____
Judge Leonard Langen sitting
for Justice L.C. Gulbrandson.

_____
Retired Chief Justice Frank
I. Haswell sitting for Justice
John C. Sheehy.

6